# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

CHARLES E. LINDSEY,                       )
                                          )
                    Plaintiff,            )
                                          )
          v.                              )     Case No. 4:26-cv-00006-RK
                                          )
KATRIN HATAWAY, MICHAEL                   )
KEYHOLE,                                  )
                                          )
                    Defendants.           )

## ORDER

Before the Court are Charles E. Lindsey's pro se motion for leave to proceed *in forma pauperis* and Affidavit of Financial Status in Support, (Docs. 1, 1-1), and motion to consolidate, (Doc. 5). After careful consideration and review, and for the reasons explained below, the Court **ORDERS** that Plaintiff's pro se motion to proceed *in forma pauperis* is **GRANTED**, this case is **DISMISSED** pursuant to the Court's initial screening under 28 U.S.C. § 1915(e)(2)(B), and Plaintiff's motion to consolidate[1] is **DENIED as moot**.

Title 28 U.S.C. § 1915(a)(1) authorizes the Court to allow indigent persons to commence a civil action without the prepayment of costs. However, "[t]he opportunity to proceed in forma pauperis is a privilege, not a right." *Weaver v. Pung*, 925 F.2d 1097, 1099 n.4 (8th Cir. 1991). When presented with a motion to proceed *in forma pauperis*, the Court first determines whether the plaintiff satisfies the economic eligibility requirements. Local Rule 83.7(a) provides that the standard for determining in forma pauperis status is whether the requirement to pay the costs of the lawsuit would cause the applicant to be forced to give up the basic necessities of life. Upon careful review and consideration, it appears based on the submitted affidavit that Plaintiff is financially unable to pay the filing fee. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**.

The Court next considers whether Plaintiff's complaint is otherwise subject to dismissal because the complaint is "frivolous or malicious; fails to state a claim upon which relief may be

---

[1] On January 13, 2026, Plaintiff filed another case in this district, *Charles E. Lindsey v. Pam Bondi, Denny Hopkins*, No. 4:26-cv-00024-RK. Plaintiff moves to consolidate the cases.

granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Plaintiff filed his pro se motion for leave to proceed *in forma pauperis* along with his complaint on January 5, 2026. Two days later, he filed a motion to amend the complaint along with proposed amendments. "A party may amend its pleadings once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Because Plaintiff has not served his complaint, he need not seek permission to file an amended complaint. Thus, the Court considers Plaintiff's amended complaint pursuant to § 1915(e)(2)(B).

In the amended complaint, Plaintiff names Katrin Hantaway and Michael Keyhole as defendants. The Court takes judicial notice that Missouri's attorney general is Catherine Hanaway and Missouri's governor is Michael Kehoe. The only coherent claim set forth in Plaintiff's amended complaint asserts that Missouri's election laws which require independent candidates to collect 10,000 signatures to have their names placed on the general election ballot are unconstitutional.

Section 115.321, RSMo, provides that to be nominated for a statewide office, an independent candidate must file a petition with the secretary of state "signed by at least ten thousand registered voters of the state." Whereas, candidates for established political parties are placed on the ballot only after winning their party's primary election. Mo. Rev. Stat. § 115.343. Other than pointing out that "established" party candidates are not required to collect 10,000 signatures, Plaintiff's amended complaint is devoid of any factual allegations or bases which support his claim that the statutory scheme is unconstitutional. *Cf. Jenness v. Forston*, 403 U.S. 431, 468-41 (1971) (upholding state law requiring independent candidate nominating petition signed by five percent[2] of registered voters because it was not inherently more burdensome than the alternative of entering a party primary election and the state did not place restrictions on petition signatures, circulation of nominating petitions, or write-in votes on the ballot; nor did it

---

[2] In 2022, there were 4,286,342 registered voters in Missouri—meaning 10,000 signatures represents less than 0.25 percent of voters. *Registered Votes in Missouri*, Mo. Sec'y of State (May 5, 2026), https://www.sos.mo.gov/elections/registeredvoters/2022 [https://perma.cc/S33V-6ZH5].

2

require a shorter filing deadline than that required of established party candidates).  For this reason, Plaintiff's amended complaint is subject to dismissal for failure to state a claim.

## Conclusion

Accordingly, after careful consideration and for the reasons explained above, the Court **ORDERS** that Plaintiff's pro se motion to proceed *in forma pauperis*, (Doc. 1), is **GRANTED**, this case is **DISMISSED** pursuant to this Court's initial screening under 28 U.S.C. § 1915(e)(2)(B), and Plaintiff's motion to consolidate, (Doc. 5), is **DENIED as moot**.

The Clerk of Court is directed to mail a copy of this Order to:

Charles E. Lindsey
5533 Virginia Ave.
Kansas City, MO 64110

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  May 18, 2026

3